United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-20695
Summary Calendar
_____

STEVE A. GALVAN,

Plaintiff - Appellant,

versus

THE CITY OF BRYAN, TEXAS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:03-CV-1576

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Steve A. Galvan was employed by the City of Bryan, Texas, from 1991 until he was discharged in June 2002. Galvan's position as a crew worker required him to ride on the back of a truck and load leaves and yard clippings into the truck. In 2001, the City Council decided to provide additional services to residents but did not appropriate funds for additional personnel. In order to provide the services without additional personnel, the City eliminated all of the crew worker positions, such as Galvan's, and upgraded them to "equipment operators". It also required the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equipment operators to become licensed commercial drivers. Galvan, who has epilepsy and suffers from learning disabilities, was unable to pass the tests required to obtain a commercial license, and was therefore discharged.

He filed a complaint against the City under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, alleging that the City discriminated against him because he is disabled. The City moved for summary judgment. The parties consented to proceed before a magistrate judge, who granted the City's motion. The court held that Galvan failed to present evidence that he is disabled, and that, even assuming he is disabled, he failed to establish that he was qualified for the job of equipment operator. It also held that Galvan failed to exhaust his administrative remedies under Title VII; Galvan does not appeal that ruling.

Galvan argues on appeal that the magistrate judge erred by concluding that he is not disabled and by concluding that a commercial driver's license was an essential function of the job. The magistrate judge held that although Galvan's epilepsy and learning disabilities were impairments, he had not presented any summary judgment evidence to show that those impairments substantially limited a major life activity. The court held further that, even if Galvan were disabled, he still could not prevail, because he did not present any evidence to show that he was qualified for the job, because he failed to present any

evidence to controvert the City's evidence that a commercial driver's license was an essential function of the equipment operator position.

Based on our <u>de</u> <u>novo</u> review of the record, the City was entitled to summary judgment for the reasons stated in the magistrate judge's comprehensive, well-reasoned memorandum opinion. The judgment is, therefore,

AFFIRMED.